```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

BANCO POPULAR DE PUERTO RICO,   )
                                )
           Plaintiffs,          )
                                )
           v.                   )    Civil No. 2017-39
                                )
BENJAMIN A. CURRENCE, ESQ.,     )
                                )
           Defendant.           )
_____|
```

ATTORNEYS:

**Justin K. Holcombe**
Dudley Topper & Feuerzeig
St. Thomas, VI
    *For Banco Popular de Puerto Rico,*

**Benjamin A. Currence, Esq.**
Law Offices of Benjamin Currence
St. Thomas, VI
    *Pro se.*

## MEMORANDUM OPINION

**GÓMEZ, J.**

Before the Court is the motion of Banco Popular de Puerto Rico to dismiss the counterclaims in this contract dispute.

### I. FACTUAL AND PROCEDURAL HISTORY

Banco Popular de Puerto Rico ("Banco Popular") is a bank organized under the laws of Puerto Rico with several branches in St. Thomas, Virgin Islands. Benjamin A. Currence, Esq. ("Currence") is an attorney who practices law in St. Thomas.

Currence maintains a deposit account at Banco Popular ("the account"). The account is governed by terms outlined in a document entitled the Commercial Deposit Accounts Agreement ("CDAA"). The CDAA sets forth the contractual rights of Currence and Banco Popular with respect to the account. Under the CDAA, Currence is obligated to repay Banco Popular for overdrafts from deposited checks that are later dishonored.

In early 2016, Bert Den Herder ("Herder") contacted Currence on behalf of Reimerswaal Dredging ("Reimerswaal"). Currence agreed to represent Reimerswaal in its sale of a maritime vessel. Currence agreed to draft a purchase and sale agreement. Herder gave Currence a check in the amount of $452,601 ("the check"). Thereafter, Currence deposited the check in his Banco Popular account on March 10, 2016.

Herder instructed Currence to wire funds to Tri-Green Investment & Trading Ltd. ("Tri-Green") and Lexgo (HK) Limited ("Lexgo"). In accordance with those instructions, Currence first transferred $228,900 to Tri-Green from his Banco Popular account. Thereafter, Currence transferred $168,520 to Lexgo from his Banco Popular account. Banco Popular processed both wire transfers before the check was settled. On March 16, 2016, Banco Popular received notice that the check was being dishonored.

Currence did not reimburse Banco Popular for the overdrafts caused by the dishonored check.

On June 8, 2017, Banco Popular filed the instant complaint against Currence. The complaint contains five counts.

First, Banco Popular alleges that Currence breached the CDAA by failing to repay the overdraft caused by the dishonored check. Second, Banco Popular alleges that Currence breached his obligation to pay the amount due on the check pursuant to 11A V.I.C. § 3-415. Third, Banco Popular alleges that Currence did not repay Banco Popular for the overdraft on the check. Banco Popular alleges that Currence is obligated to make this repayment under 11A V.I.C. § 4-214(a). Fourth, Banco Popular alleges that Currence breached the transfer warranties pursuant to 11A V.I.C. § 3-416(a). Finally, Banco Popular alleges that Currence breached the presentment warranties pursuant to 11A V.I.C. § 3-417.

Currence filed an answer to the complaint, which included a two count counterclaim. Count One alleges a conversion claim. Count Two alleges negligent infliction of emotional distress.

On December 11, 2017, Banco Popular moved to dismiss the two counterclaims. Banco Popular argues that Count One and Count Two of the counterclaim each fail to state a claim upon which relief can be granted. The Magistrate Judge ordered Currence to

respond to Banco Popular's motion to dismiss no later than May 31, 2018. ECF No. 25. Currence failed to file a response by that date. ECF No. 27.

## II. DISCUSSION

### A. Motion to Dismiss for Failure to State a Claim

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) cert. denied, 562 U.S. 1271, 131 S. Ct. 1607, 179 L. Ed. 2d 501.

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. <u>**ANALYSIS**</u>

**A. Count One: Conversion**

Currence alleges that Banco Popular converted approximately $30,000 from his client trust account.

In order to state a claim for conversion, a plaintiff must allege the following elements: (1) plaintiff had an ownership interest in the property; (2) plaintiff is entitled to immediate possession of the property; (3) that the defendant unlawfully or without authorization retained the property. *Mayfair Jewelers, Inc. v. SAI Inv., LLC*, No. 2015-CV-12, 2016 WL 1069652, at *2 (D.V.I. Mar. 17, 2016); Addie v. Kjaer, 51 V.I. 463, 473, 2009 WL 482497 (D.V.I. 2009) (citing Restatement (Second) of Torts § 222A).

Count One of Currence's counterclaim states: "On or about March 16, 2017, Defendant Banco Popular converted to its own use funds contained in the Account. Defendant Banco Popular knew

that the funds contained in the Account were client trust funds. The funds converted consisted to [sic] client funds held in trust in the approximate amount of $30,000." ECF No. 7 at 8.

Examining the elements Currence must establish to state a claim for conversion, the Court must identify which allegations are merely conclusions. *Santiago*, 629 F.3d at 121, 130. These allegations are not entitled to an assumption of the truth. *Id.* Here, Currence's allegations fail to plead facts that establish the elements of conversion. Currence restates the term "conversion" several times without asserting the underlying facts that establish the conversion claim.

Currence also fails to allege that he had an ownership interest in the $30,000 in the relevant account. Currence does not state that he was entitled to immediate possession of the funds inside of the account. Currence does not state that Banco Popular acted unlawfully or without authorization. Currence's only statement that resembles an element of conversion is "Banco Popular converted to its own use funds" in the account. This statement, even if taken as true, is insufficient to meet Currence's burden.

Currence's conversion counterclaim does not "contain . . . allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atlantic*

*Corp.*, 127 S.Ct. at 1969 (emphasis in original) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Accordingly, Currence failed to state a claim for conversion.

**B. Count Two: Negligent Infliction of Emotional Distress**

Currence alleges that as a "proximate result of Defendant Banco Popular's conversion of funds . . . [he] suffered severe emotional distress and mental suffering, and has been damaged thereby."

In the Virgin Islands, in addition to alleging that a negligent actor caused emotional distress, a plaintiff must allege (1) physical harm or illness resulting from the negligent conduct, and (2) foreseeability. *See generally Nicholas v. Wyndham Int'l, Inc.*, No. 2001-147, 2007 U.S. Dist. LEXIS 85553, at *16 (D.V.I. Nov. 13, 2007*); Anderson v. V.I.*, 39 V.I. 235, 238-39 (D.V.I. 1998); *Purjet v. Hess Oil Virgin Islands Corp.*, 22 V.I. 147, 152 (D.V.I. 1986).

The physical harm requirement "can encompass bodily injury brought about solely by the internal operation of emotional distress." *Cohler v. United States,* No. 2005-29, 2008 U.S. Dist. LEXIS 48158, at *11 (D.V.I. June 24, 2008) (quoting *Walters v. Mintec/Int'l*, 758 F.2d 73, 78 (3d Cir. 1985)). The victim must

suffer bodily harm or other compensable damages, emotional disturbance alone is insufficient. *Walters*, 758 F.2d at 77.

Foreseeability requires that the person who caused the distress "should have realized that his conduct involved an unreasonable risk of causing the distress, otherwise than by knowledge of the harm or peril of a third person, and . . . from facts known to him should have realized that the distress . . . might result in illness or bodily harm." *Anderson*, 39 V.I. at 238(citing Restatement (Second) of Torts § 313).

Currence only alleges emotional distress and mental suffering. In *Mercer v. Gov't of the V.I. Dep't of Educ.*, No. 2014-50, 2016 U.S. Dist. LEXIS 135645, at *38-39 (D.V.I. Sep. 30, 2016, the Court previously explained that "evidence of shock, mental anguish, and depression [are] insufficient to show physical harm for purposes of negligent infliction of emotional distress under Virgin Islands law." *Id.* (quoting *Cohler*, 2008 U.S. Dist. LEXIS 48158, at *4).

In that case, the plaintiff asserted several claims against her former employer, including a hostile work environment claim, six wrongful termination claims, several discrimination claims, and a negligent infliction of emotional distress claim. *Mercer*, 2016 U.S. Dist. LEXIS 135645 at *5. The plaintiff testified that she suffered weight loss, headaches, anxiety attacks, and hair

loss. *Id.* at 40. This Court stressed that the physical injury element of a negligent infliction of emotional distress claim is a high bar. *Id.* at 38. The Court said that "[w]eight loss, headaches, anxiety attacks, and even hair loss are insufficient physical injuries to satisfy the physical injury requirement." *Id.* at 41.

Similarly, in this case, Currence only alleges that he suffered "severe emotional distress and mental suffering." ECF No. 10 at 9. The emotional distress and mental suffering alleged by Currence are inadequate injures to meet the physical injury element of negligent infliction of emotional distress.

Second, Currence pled no facts indicating that it was foreseeable that Banco Popular's alleged conversion of funds from his account would lead to his emotional distress and mental suffering. He simply alleges that as a "proximate result of Defendant Banco Popular's conversion . . . Currence suffered severe emotional distress and mental suffering." This accusation alone is insufficient to survive a motion to dismiss. Accordingly, Currence has failed to state a claim for negligent infliction of emotional distress.

An appropriate order follows.

S_____
**CURTIS V. GÓMEZ**
**District Judge**